Opinion issued March 5, 2009














In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-08-00662-CR

____________


RUSSO LADEZ VINSON, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 262nd District Court 

Harris County, Texas

Trial Court Cause No. 1147294






MEMORANDUM OPINION 

 Appellant, Russo Ladez Vinson pleaded guilty to the offense of aggravated
robbery (1) without an agreed punishment recommendation from the State. The trial
court found appellant guilty and assessed his punishment at confinement for eight
years. Appellant's counsel on appeal has filed a brief stating that the record presents 
no reversible error, that the appeal is without merit and is frivolous, and that the
appeal must be dismissed or affirmed. See Anders v. California, 386 U.S. 738, 87
S.Ct. 1396, (1967). The brief meets the requirements of Anders by presenting a
professional evaluation of the record and detailing why there are no arguable grounds
for reversal. Id. at 744, 87 S.Ct. at 1400; see also High v. State, 573 S.W.2d 807, 810
(Tex. Crim. App. 1978). 

 Counsel represents that he has served a copy of the brief on appellant. Counsel
also advised appellant of his right to examine the appellate record and file a pro se
brief. See Stafford v. State, 813 S.W.2d 503, 510 (Tex. Crim. App. 1991). More than
30 days have passed, and appellant has not filed a pro se brief. Having reviewed the
record and counsel's brief, we agree that the appeal is frivolous and without merit and
that there is no reversible error. See Bledsoe v. State, 178 S.W.3d 824, 826-27 (Tex.
Crim. App. 2005). 

 We affirm the judgment of the trial court and grant counsel's motion to
withdraw. (2) Attorney Ernest Davila must immediately send the notice required by
Texas Rule of Appellate Procedure 6.5(c) and file a copy of that notice with the Clerk
of this Court.

 Any pending motions are denied as moot.

PER CURIAM


Panel consists of Justices Jennings, Keyes, and Higley.

Do not publish. Tex. R. App. P. 47.2(b).









 
1. 

 In a plea bargain case this Court reviews the record to determine whether it has
jurisdiction and whether the trial court's certification regarding the defendant's
right of appeal is correct. See Tex. R. App. P. 25.2 (a) (2). Here, the trial court
filed an amended certification of right of appeal that states: I, judge of the trial
court certify that this criminal case is not a plea bargain case and defendant has
the right of appeal. 
2. Appointed counsel still has a duty to inform appellant of the result of this appeal and
that he may, on his own, pursue discretionary review in the Texas Court of Criminal
Appeals. See Bledsoe v. State, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).